# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4647 | **DATE** | August 10, 2000 |
| **CASE TITLE** | Pietro Mostacci    v    ARPAC, L.P. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/22/00, at 9:00 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Memorandum opinion and order entered. Accordingly, defendant's motion for summary judgment is denied.

(11) ■ For further detail see order attached to the original minute order

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| X | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

GDS    courtroom deputy's initials

number of notices

AUG 1 1 2000
date docketed

docketing deputy initials

date mailed notice

ED-7
FILED FOR DOCKETING
00 AUG 10 PH 2: 25

Date/time received in central Clerk's Office    mailing deputy initials

Document Number

40

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PIETRO MOSTACCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    98 C 4647 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| ARPAC, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Pietro Mostacci has sued his former employer, ARPAC L.P., alleging that he was terminated based on his national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended (Count I), and his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (Count II). Defendant has moved for summary judgment on both counts, arguing that the undisputed evidence demonstrates that plaintiff was legitimately terminated as part of a reduction in force ("RIF").

Plaintiff, an Italian-American, was employed by defendant on August 24, 1992, in the Mechanical Assembly Department. He continued in that department, rising to the level of Mechanical Assembler III ("MA III"), the highest level of mechanical assembler at defendant. He was a team leader and 59 years old at the time of his termination on May 8, 1997. The six other MA IIIs all were of Eastern European national origin, either Polish or Yugoslavian, and younger than plaintiff. All the MA IIIs had received performance appraisals approximately three weeks before plaintiff's termination. Plaintiff received a total of 21.5 points out of a possible 24,

and was listed as a "strong team leader." Despite this good review, plaintiff was ranked sixth out of the seven MA IIIs, although two younger Eastern Europeans received comparable scores of 22 and 22.5. The one MA III receiving a lower score, Mariusz Gorniak, was 24 years old and received a score of 14. All seven MA IIIs performed the same tasks, and all except plaintiff were retained. The performance reviews were prepared by the outgoing manager of the Mechanical Assembly Department, Dan Hanke. On or about April 16, 1997, Hanke was replaced by Marek Pietrzak, a Polish-American who had worked for defendant for 10 years but never in the Mechanical Assembly Department. Plaintiff claims that Pietrzak conducted employee meetings in Polish and generally spoke Polish to all the MA IIIs.

Less than three weeks after starting in the Mechanical Assembly Department, Pietrzak was told he had to terminate eight employees as part of the asserted RIF. He elected to terminate one MA III, and chose plaintiff over Gorniak, even though Gorniak's last two performance reviews were 14.5 in 1996 and 14 in 1997, clearly much lower than any other MA III. Pietrzak testified that the reviewed Hanke's reports, but did not consult with Hanke, and did not review the employment files of any of the MA IIIs. Instead, he elected to keep Gorniak because "he is good."[1] Additionally, 30 days after plaintiff's termination, Pietrzak hired a new MA III, Jan Osyko, who is of Polish national origin and 12 years younger than plaintiff. According to defendant, Osyko had knowledge of a new machine that defendant was starting to manufacture. Osyko had worked with Pietrzak at defendant prior to 1987.

---

[1] One year late, Pietrzak gave Gorniak a performance rating of 15, again much lower than the other MA IIIs.

Plaintiff has clearly demonstrated a prima facie case of both national origin and age-based discrimination. He is in a protected class, he was meeting defendant's legitimate expectations, he was discharged, and younger and similarly situated employees of different national origin were treated more favorably. See Saeli v. Motorola, Inc., 917 F. Supp. 589, 593 (N.D. Ill. 1996). The burden thus shifts to defendant to articulate a legitimate non-discriminatory reason for the discharge. Defendant's reason, that plaintiff was discharged as part of a legitimate RIF, is brought into question by the fact that Pietrzak was given no standards by which he was to determine who to keep and who to let go, despite the fact that he had been in the department for less than one month. His stated reason, that Gorniak was "good," is in direct contrast to the performance reviews that show that Gorniak was the lowest ranked MA III by a wide margin. Defendant also asserts that plaintiff was temperamental and difficult to work with and that other employees did not want to work for or with him. That assertion, however, is again in contrast to his performance review which listed him as a good team leader. Finally, defendant's after-the-fact suggestion that Gorniak possesses skills that plaintiff does not (a commercial driver's licence and can drive a forklift) is disputed by plaintiff's evidence that Gorniak never drove the truck and that there is no need for anyone in the Mechanical Assembly Department to drive a truck.

Thus, although defendant has submitted evidence that its decision to terminate plaintiff was based on non-discriminatory reasons, plaintiff has presented sufficient evidence from which a jury could decide otherwise. Accordingly, defendant's motion for summary judgment is denied.

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is denied.

This matter is set for a report on status on August 22, 2000, at 9:00 a.m., at which time the court

will set a final pretrial schedule for the January 2001 trial call.

**ENTER:** **August 10, 2000**

Robert W. Gettleman
United States District Judge